**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ARTHUR BOGIE AND § <br> HETTY KATHLEEN BOGIE § <br>    Plaintiffs § <br> § <br> v. § <br> § <br> STATE FARM MUTUAL AUTOMOBILE § <br> INSURANCE COMPANY, § <br>    Defendant § | | Civil Action No. 5:20-cv-00755 |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1. On May 21, 2020, Plaintiffs Arthur Bogie II and Hetty Kathleen Bogie filed their Original Petition ("Original Petition") styled Cause No. 20279C; *Arthur Bogie II and Hetty Kathleen Bogie v. State Farm Mutual Automobile Insurance Company;* in the County Court at Law , Kerr County, Texas. State Farm was served with citation on May 28, 2020.

*Nature of the Suit*

2. This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on September 10, 2018. Plaintiffs seek damages for mental anguish, economic damages, punitive damages, and exemplary damages. Plaintiffs also allege extra-contractual damages against State Farm for violations of the Texas Insurance Code.

1

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time State Farm was served with the citation on May 28, 2020 (*see* Ex. A at 1.), and as of the date of filing this Notice, State Farm was and is a citizen of Illinois. State Farm was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois. Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiffs are citizens of Texas when their Petition was filed, and continue to be citizens of Texas. (Ex. A at 5, ¶ 1.)

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiffs plead in their Original Petition for the recovery of damages "over $100,000 but not more than $200,000." (Ex. A at 3, ¶ 2). The policy limits are $250,000.00 per person for bodily injury. (*See* Ex. B at 1.)

7. However, in addition to the breach of contract, Plaintiffs seek recovery for punitive damages, insurance code violations, and attorney's fees. Thus, given the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claims, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

***The Removal is Procedurally Correct***

8. Plaintiffs filed suit against Defendant State Farm in state court on May 21, 2020. (Ex. A at 3.) State Farm was not served with citation until May 28, 2020. (*See* Ex. A at 1.)

9. Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c) and *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014). In *Thompson*, the Fifth Circuit held that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) runs from the date it is formally served with process. Here, State Farm removed the case within thirty days of the date it was served. (May 28, 2020).

10. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

12. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the County Court at Law of Kerr County, Texas, promptly after Defendant State Farm files this Notice.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company requests that this action be removed from the County Court at Law of Kerr County, Texas to the United States District Court for Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: _____
David R. Stephens
Attorney in Charge
State Bar No. 19146100
Daniel Saldaña
State Bar No. 24102447
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
dsaldana@lstlaw.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed via certified mail on this 26th day of June, 2020, addressed to those who do not receive notice from the Clerk of the Court.

Steven Clack
Attorney at Law
P.O: Box 290952
200 Earl Garrett Street. Suite 202
Kerrville, Texas 78029-0952
sclack@clacklawfirm.com

_____
Daniel Saldaña